UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEPHEN LE,

                        Petitioner,          **No. 1:11-CV-0647(MAT)**

            -vs-                             **DECISION AND ORDER**

NORMAN BEZIO,
                        Respondent.

---

## I.    Introduction

Pro se petitioner Stephen Le ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that he is being held in Respondent's custody in violation of his federal constitutional rights. Petitioner's state custody arises from a judgment entered against him on October 18, 2007, following a guilty plea to one count of first degree manslaughter (N.Y. Penal Law ("P.L.") § 125.20(1)).

## II.  Factual Background and Procedural History

Petitioner's conviction stems from his alleged involvement, along with co-defendants Jake Winters ("Winters"), Kyle Allison ("Allison"), and Gerald Anderson ("Anderson"), in the robbery and assault of James Gilson ("Gilson" or "the victim") on April 3, 2007, at Gilson's home in West Seneca, New York. Gilson subsequently died from the injuries inflicted by Petitioner and the other co-defendants.

On May 5, 2007, an Erie County assistant district attorney approached Winters and requested that he make a controlled phone call to Petitioner and Anderson. Winters agreed, and during his

conversation with Petitioner, Petitioner made a statement incriminating himself in the Gilson homicide. Petitioner was brought in for questioning by the Buffalo Police Department. After being played a recording of his phone call with Winters, Petitioner agreed to speak with the detectives and subsequently gave an oral confession admitting to entering Gilson's house with the intent to rob Gilson of money and valuables. He admitted to kicking Gilson, who had been bound with duct tape by the other co-defendants, when Gilson refused their demands to tell them where he had money hidden. Petitioner stated that he did not want to continue to be involved in the assault on Gilson, so he went into the "pot room" and began cutting the marijuana plants located there and putting them in plastic bags. According to Petitioner, the victim was still alive when he and his cohorts left the house. See Exhibit I to Petitioner's New York Criminal Procedure Law ("C.P.L.") § 440.10 Motion, submitted as part of Respondent's Exhibit ("Resp't Ex.") D.

Pursuant to Erie County Indictment No. 00935-2007, Petitioner was charged with three counts of second degree murder (P.L. §§ 125.25(1), (3); id., § 20.00), and one count each of first degree burglary (P.L. § 140.30(2)) and first degree robbery (P.L. § 160.15(1)). Petitioner ultimately pleaded guilty to one count of manslaughter in the first degree (P.L. §§ 125.20(1), 20.00) in full satisfaction of the indictment. He was sentenced to a determinate term of twenty-two years in prison plus five years of post-release supervision.

Represented by counsel, Petitioner appealed to the Appellate Division, Fourth Department, of New York State Supreme Court, asserting the following arguments: his plea was not knowing, voluntary, and intelligent; his appellate rights waiver was insufficient to preclude review of his sentence as harsh and excessive; and his sentence should be modified in the interest of justice. The Appellate Division summarily affirmed the conviction without opinion on December 30, 2009. People v. Le, 2009 N.Y. Slip Op. 09858, 68 A.D.3d 1757 (4th Dep't 2009), lv. denied, 14 N.Y.3d 842 (2010).

On June 29, 2011, Petitioner filed the instant habeas petition asserting the following grounds for habeas relief: (1) trial counsel was ineffective in failing to (a) "explore a desirable plea with the judge as of statutory right under CPL § 220.10(2)"; (b) argue that Petitioner was interrogated "against his will without counsel"; (c) allowed Petitioner to plead guilty rather than pursue Huntley and Wade hearings; (d) argue that the police used co-defendant Winters as an "agent of the state" to record a phone conversation in which Petitioner incriminated himself; (e) appear at arraignment, which caused a conflict of interest insofar as co-defendant Winters' attorney also represented Petitioner at the arraignment; (2) the plea was not knowing, voluntary, and intelligent; and (3) the appellate rights waiver did not preclude review of Petitioner's sentence, which was harsh and excessive. The Court (McCarthy, M.J.) granted a stay so that

Petitioner could complete exhaustion proceedings with regard to his ineffective assistance claims.

On July 21, 2011, Petitioner filed a pro se motion to vacate the judgment pursuant to C.P.L. § 440.10 on the basis that his trial counsel was ineffective on the grounds mentioned in his habeas petition. In a written decision and order dated April 19, 2012, the trial court denied the motion on the merits. See C.P.L. § 440.10 Order, submitted as part of Resp't Ex. D.

Petitioner also filed a petition for a writ of error coram nobis attacking his appellate counsel's performance, which was denied on December 21, 2012. People v. Le, 101 A.D.3d 1699 (4th Dep't 2012), lv. denied, 20 N.Y.3d 1101, recons. denied, 21 N.Y.3d 1006 (2013).

On April 23, 2013, Petitioner filed a motion to vacate the stay (Dkt #12) and an amended petition (Dkt #13) raising the same three grounds raised in the original petition. On May 15, 2013, the Court (Curtin, J.) issued an order (Dkt #14) lifting the stay. Respondent answered the petition (Dkt ##16, 17), and Petitioner filed a traverse (Dkt #25).

For the reasons set forth below, the Court finds that Petitioner's claims do not warrant habeas relief.

## III. Discussion

### A.   Involuntary Guilty Plea (Ground Two)

On direct appeal, Petitioner argued that his plea was not knowingly, voluntarily, and intelligently made because (1) he did

not have adequate time to discuss the matter with his attorney;
(2) he was not informed by counsel that suppression hearings had
been scheduled; and (3) trial counsel informed Petitioner's family
that if he did not take the plea, he would be sentenced to twenty
five years to life, face numerous rejections by the parole board,
and ultimately serve thirty-six years in prison; and that based on
these statements, Petitioner's family pressured him to take the
plea.

Due process requires that a guilty plea be a "voluntary and
intelligent choice among the alternative courses of action open to
the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970).
The prosecution is not precluded from compelling a defendant to
choose between "grim alternatives," id. at 36, so long as there are
no threats or misrepresentations. Brady v. United States, 397 U.S.
742, 755 (1970). As a guilty plea entails the waiver of several
important federal constitutional rights, a defendant who pleads
guilty must have a "full understanding of what the plea connotes
and of its consequences." Boykin v. Alabama, 395 U.S. 238, 243-44
(1969). The court should not accept a guilty plea "without an
affirmative showing that it was intelligent and voluntary." Id. at
242. If not entered voluntarily and intelligently, a guilty plea
violates due process and is therefore invalid. Brady, 397 U.S. at
748; Boykin, 395 U.S. at 242-43.

It is clearly established Supreme Court law that "the trial
court must produce a record affirmatively showing that the

defendant's guilty plea was knowing and voluntary." Hanson v. Phillips, 442 F.3d 789, 797 (2d Cir. 2006) (citations omitted). Here, as discussed further below, the record demonstrates that the trial fulfilled this constitutional requirement.

At the beginning of the plea colloquy on July 19, 2007, the trial court first ascertained that Petitioner had not any ingested any substances, such as alcohol or drugs, that could affect his judgment; that Petitioner had "had enough time to talk to [his] attorney"; and that he was "satisfied with his services[.]" P.6-7.[1] Petitioner agreed that "no one's threatening [him] or coercing [him] into entering into this plea[,]" and that he was "entering [into the plea] knowingly, intelligently, [and] voluntarily of [his] own free will after speaking to [his] attorney." P.7. The trial court explained that a plea of guilty had "the same force and effect in law" as if Petitioner had been convicted after a trial. P.7. The trial court enumerated the specific rights Petitioner was giving up by pleading guilty. In connection with the waiver of appellate rights, the trial court noted that "with [regard to] several of you,[2] if we had proceeded to trial, your attorneys would have asked for hearings to determine whether or not certain statements you made—you allegedly made could be used against you."

---

[1]

Numerals preceded by "P." refer to pages from the transcript of the plea hearing, submitted as part of Resp't Ex. F.

[2]

The trial court conducted the plea colloquies of Petitioner and his three co-defendants simultaneously.

P.8-9. The trial court explained that if it ruled against the individual defendants and allowed introduction of their statements, they "would be giving up [their] right to appeal" such a ruling. P.9. The trial court then ascertained that Petitioner had not been threatened or coerced into waiving his appellate rights, and that he was doing so knowingly, intelligently, and voluntarily of his own free will, after speaking with his attorney. P.9.

Petitioner's statements made "in open court" during his plea colloquy "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Because Petitioner has offered nothing other than his own self-serving and conclusory allegations to rebut that presumption of verity, the Court finds no basis to question the voluntariness of his counseled guilty plea. See, e.g., United States v. Aine, 386 F. App'x 16, 21 (2d Cir. 2010) (summary order) (rejecting defendant's claim that his guilty plea was knowing and voluntary where his statements during his plea colloquy carried "a strong presumption of verity" and defendant "offered nothing other than his own unsupported allegations to rebut that presumption") (quotation omitted; citing United States v. Gonzalez, 970 F.2d 1095, 1100-01 (2d Cir. 1992) (rejecting challenge to district court's failure to grant evidentiary hearing on motion to withdraw plea where basis of motion was defendant's own "unsupported allegations, which merely contradicted [his] earlier statements made under oath at his plea allocution")).

**B.   Ineffective Assistance of Trial Counsel (Ground One)**

### 1.   Legal Standard

To successfully advance an ineffective assistance of counsel, the petitioner must fulfill the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), by showing that "(1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different[,]" <u>Contino v. United States</u>, 535 F.3d 124, 128 (2d Cir. 2008) (citing <u>Strickland</u>, 466 U.S. at 688). In the context of a conviction by guilty plea, the petitioner affirmatively must show that, but for counsel's deficient representation, he "would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

### 2.   Counsel's Alleged Errors

#### a.   Failure to Pursue a Plea Under C.P.L. § 220.12

C.P.L. § 220.10(2) provides, in relevant part, that "the defendant may as a matter of right enter a plea of 'guilty' to the entire indictment." N.Y. Crim. Proc. Law § 220.10(2). Here, Petitioner was indicted on multiple charges: three counts of second degree murder (P.L. §§ 125.25(1), (3); <u>id.</u>, § 20.00), and one count each of first degree burglary (P.L. § 140.30(2)) and first degree robbery (P.L. § 160.15(1)). Petitioner ultimately pleaded guilty to a single offense, manslaughter in the first degree (P.L. §§ 125.20(1), 20.00), in full satisfaction of the indictment. It is

patently frivolous for Petitioner to argue that trial counsel erred in not advocating to have his client plead guilty to <u>multiple</u> felonies rather than to a <u>single</u> felony of a lesser severity than any of the counts in the indictment.

> **b.** **Failure to Appear at Arraignment and Failure to Proceed to Suppression Hearing to Challenge Petitioner's Arrest and Statement to the Police**

According to Petitioner, trial counsel failed to appear at arraignment, causing a "conflict of interest" insofar as the trial court permitted a co-defendant's attorney to represent Petitioner during the arraignment. Petitioner also faults trial counsel for failing to "investigate" his case and discover that Buffalo Police Department detectives ignored Petitioner's request, at the time of his interrogation, to speak to the attorney representing him on an open and unrelated assault charge. Petitioner further contends that trial counsel failed to pursue suppression hearings which purportedly would have shown that Petitioner's confession was obtained by "deceitful tactics in violation of [his] <u>Miranda</u> rights which sprung from an illegal arrest[.]" Petition (Dkt #1), p. 5 of 19. Relatedly, Petitioner asserts that counsel "failed to realize[ ] that detectives utilized a codefendant as an agent of the state to record a phone conversation where [Petitioner] incriminated himself" and later "was used to illegally arrest [him]. . . ." <u>Id.</u>

"A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea."

United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996). Rather, the defendant "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutionally acceptable] standards." Tollett v. Henderson, 411 U.S. 258, 267 (1973). In other words, it is immaterial whether the defendant's independent claims have merit; the court's sole concern is whether the guilty plea was "made intelligently and voluntarily with the advice of competent counsel." Id. at 265; accord Coffin, 76 F.3d at 497-98.

As this Court has already found, Petitioner intelligently and voluntarily elected to plead guilty to one count of first degree manslaughter, in satisfaction of the indictment charging him with three counts of second degree murder, along with counts of first degree robbery and burglary. Petitioner's claims concerning counsel's errors in regard to the arraignment and the litigation of suppression issues do not relate to counsel's advice to Petitioner regarding the decision to plead guilty. See United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997). In Torres, the Second Circuit Court of Appeals considered a defendant's claim that he received ineffective counsel both because "he was coerced by his attorney into pleading guilty," and because the same attorney "failed to call witnesses at a pretrial suppression hearing." Torres, 129 F.3d at 715. After rejecting Torres' first claim on the basis that defendant's plea was completely voluntary and knowing, the Second Circuit held that the second claim regarding counsel's

performance at the suppression hearing was barred under <u>Tollett v.</u> <u>Henderson</u>, <u>supra</u>, because the substance of the claim did not relate to the voluntariness of Torres' guilty plea. <u>Torres</u>, 129 F.3d at 715 (citing <u>Coffin</u>, 76 F.3d at 497; <u>Tollett</u>, 411 U.S. at 267). Here, Because Petitioner's allegations regarding trial counsel's errors in connection with the suppression of his statement to police and his arrest do not pertain to the advice trial counsel provided to Petitioner regarding the decision to plead guilty, they are foreclosed by <u>Tollett v. Henderson</u> and cannot form a basis for habeas relief. <u>See</u>, <u>e.g.</u>, <u>Lear v. Poole</u>, 711 F. Supp.2d 288, 298 (W.D.N.Y. 2010) ("Lear claims that had trial counsel sought a dismissal based on the indictment, as particularized by the bill of particulars, the charges against him would have been dismissed in their entirety. These claims, which regard events occurring prior to his guilty plea, are not cognizable on habeas review.") (citations omitted).

### C.   Waiver of Appellate Rights Does Not Preclude Review of Sentence (Ground Three)

Petitioner asserts that his waiver of appellate rights was invalid and insufficient to preclude review by the Appellate Division of his sentence as harsh and excessive under that court's interest of justice jurisdiction. Petitioner has not cited, and the Court is not aware of, any federal precedent standing for the proposition that specific language must be used by the trial judge in apprising a defendant pleading guilty of the individual rights relinquished. <u>Roland v. Rivera</u>, No. 06-CV-6543(VEB)(DGL), 2011 WL

1343142, at *4 (W.D.N.Y. Jan. 6, 2011) (rejecting as not cognizable petitioner's claim that the trial court failed to conduct a proper inquiry into his understanding of the waiver of appellate rights) (citing Salaam v. Giambruno, 559 F. Supp.2d 292 (W.D.N.Y. 2008); Nicholas v. Smith, No. 02 CV 6411(ARR), 2007 WL 1213417, at *10-11 (E.D.N.Y. Apr. 24, 2007)). The Court need not consider whether Petitioner has a viable federal constitutional claim regarding the alleged deficiency in his appellate rights waiver, because, as discussed below, his underlying claim concerning his sentence is not cognizable on habeas review.

Petitioner pleaded guilty to one count of first degree manslaughter, a class B violent felony which carried with it a potential maximum determinate sentence of twenty-five years plus a mandatory term of up to five years of post-release supervision. See N.Y. PENAL LAW § § 125.20(1), 70.02(3)(a). Petitioner was promised, and sentenced to, a determinate term of twenty-two years imprisonment plus five years of post-release supervision. Although Petitioner's sentence was at the higher end of the statutory range, he faced the potential of life in prison if convicted on the charges in the indictment. "It is within the discretion of a sentencing court to impose the maximum sentence for a lesser crime where, as here, the plea of guilty also disposes of a greater crime which mandates an even greater sentence." People v. McAllister, 58 A.D.2d 712, 712 (3d Dep't 1977). In any event, no federal constitutional issue amenable to habeas review is presented where,

as here, a petitioner's sentence is within the statutorily prescribed range. <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992) (citing <u>Underwood v. Kelly</u>, 692 F. Supp. 146 (E.D.N.Y. 1988), <u>aff'd</u> <u>mem.</u>, 875 F.2d 857 (2d Cir. 1989), <u>cert.</u> <u>denied</u>, 493 U.S. 837 (1989)).

## IV.  Conclusion

For the foregoing reasons, Stephen Le's application for a writ of habeas corpus is denied. The petition (Dkt #1) and amended petition (Dkt #13) are dismissed. Because Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.

**SO ORDERED.**

S/Michael A. Telesca

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     November 10, 2014
           Rochester, New York